IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| CLARICE VAN MAANEN, | |
| Plaintiff, | No. 15-CV-4050-LTS |
| vs. | **REPORT AND RECOMMENDATION** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff, Clarice Joy Van Maanen (claimant), seeks judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying her application for disability insurance benefits (DIB), under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq*. (Act). Claimant contends the administrative record (AR) does not contain substantial evidence to support the Commissioner's decision that she was not disabled during the relevant time period. For the reasons that follow, I recommend the Court affirm the Commissioner's decision.

## *I.     BACKGROUND*

Claimant was born in 1966, was 47 years old at the time of the hearing, and completed high school. AR 38-43. She has past relevant work at an insurance firm and at Wal-Mart as a cashier and customer service courtesy desk associate. AR 40-42. She applied for DIB on October 23, 2012, alleging a disability onset date of October 10, 2010. AR 169. Claimant alleged disability due to cellulitis and blood clots. AR 227.

The Commissioner denied claimant's application initially and upon reconsideration. AR 102-105, 107-110. Claimant then requested a hearing before an Administrative Law Judge (ALJ). On October 16, 2013, the ALJ conducted a hearing at which claimant and a vocational expert testified. AR 31 et seq. The ALJ issued a decision denying claimant's claim on January 24, 2014. AR 8-26. The ALJ found that claimant was unable to perform past relevant work. AR 25-26. The ALJ determined, however, claimant could perform other work, such as an arcade attendant, parking lot attendant, clerical mailer/addressor, and table worker. AR 25-27.

Claimant then sought review of the ALJ's decision by the Appeals Council, which it denied on March 22, 2015. AR 1-5. The ALJ's decision stands as the final decision of the Commissioner. AR 1; 20 C.F.R. § 416.1481.

Claimant filed a complaint in this Court on June 17, 2015, seeking review of the Commissioner's decision. Doc. 3. This matter has been referred pursuant to 28 U.S.C. § 636(b)(1)(B) for the filing of a report and recommended disposition. The parties have briefed the issues, and the matter is now fully submitted.

The claimant's Reply Brief states that she filed a subsequent disability application after the one at issue in this case, which the Commissioner granted, with an onset date of September 2014. Thus, what remains at issue here is whether claimant was disabled between the alleged onset date at issue in this claim, October 10, 2010, and September 2014, when the Commissioner found her to be disabled.

## II.  *DISABILITY DETERMINATIONS AND THE BURDEN OF PROOF*

A disability is defined as "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20

C.F.R. § 416.905. An individual has a disability when, due to her physical or mental impairments, she "is not only unable to do her previous work but cannot, considering her age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). If the claimant is able to do work which exists in the national economy but is unemployed because of inability to get work, lack of opportunities in the local area, economic conditions, employer hiring practices or other factors, the ALJ will still find the claimant not disabled. 20 C.F.R. § 416.966(c)(1)-(8).

To determine whether a claimant has a disability within the meaning of the Act, the Commissioner follows the five-step sequential evaluation process outlined in the regulations. 20 C.F.R. § 416.920; *see also Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007). First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(i). "Substantial" work activity involves physical or mental activities. "Gainful" activity is work done for pay or profit. 20 C.F.R. § 416.972(a)-(b).

Second, if the claimant is not engaged in substantial gainful activity, then the Commissioner looks to the severity of the claimant's physical and medical impairments. If the impairments are not severe, then the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(ii). An impairment is not severe if "it does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. § 416.921(a); *see also* 20 C.F.R. §§ 416.920(c), 416.921(a); *Kirby*, 500 F.3d at 707.

The ability to do basic work activities is defined as having "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 416.921(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling; (2) capacities for seeing, hearing and

3

speaking; (3) understanding, carrying out and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers and usual work situations; and (6) dealing with changes in a routine work setting. 20 C.F.R. § 416.921(b)(1)-(6); *see Bowen v. Yuckert*, 482 U.S. 137, 141 (1987).

Third, if the claimant has a severe impairment, then the Commissioner will determine its medical severity. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled regardless of age, education, and work experience. 20 C.F.R. §§ 416.920(a)(4)(iii), 416.920(d); *see Kelley v. Callahan*, 133 F.3d 583, 588 (8th Cir. 1998).

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's residual functional capacity (RFC) and the demands of her past relevant work. If the claimant cannot do her past relevant work, then she is considered disabled. 20 C.F.R. §§ 416.920(a)(4)(iv), 416.945(a)(4). Past relevant work is any work the claimant has done within the past 15 years of her application that was substantial gainful activity and lasted long enough for the claimant to learn how to do it. 20 C.R.F. § 416.960(b)(1). "RFC is a medical question defined wholly in terms of the claimant's physical ability to perform exertional tasks or, in other words, what the claimant can still do despite his or her physical or mental limitations." *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003) (internal quotation marks omitted); *See* 20 C.F.R. § 416.945(a)(1). The RFC is based on all relevant medical and other evidence. 20 C.F.R. § 416.945(a)(3). The claimant is responsible for providing the evidence the Commissioner will use to determine the RFC. *Id.* If a claimant retains enough RFC to perform past relevant work, then the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in Step Four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to show there is other work the claimant can do, given the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 416.912(f), 416.920(a)(4)(v). The Commissioner must show not only that the claimant's RFC will allow him to make the adjustment to other work, but also that other work exists in significant numbers in the national economy. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); 20 C.F.R. § 416.920(a)(4)(v). If the claimant can make the adjustment, then the Commissioner will find the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(v). At step five, the Commissioner has the responsibility of developing the claimant's complete medical history before making a determination about the existence of a disability. 20 C.F.R. § 416.945(a)(3). The burden of persuasion to prove disability remains on the claimant. *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004).

If after these five steps, the ALJ has determined the claimant is disabled, but there is medical evidence of substance use disorders, the ALJ must decide if that substance use is a contributing factor material to the determination of disability. 42 U.S.C. § 423(d)(2)(C). The ALJ must then evaluate the extent of the claimant's limitations without the substance use. *Id*. If the limitations would not be disabling, then the disorder is a contributing factor material to determining disability and the claimant is not disabled. 20 C.F.R. § 416.935.

### III. THE ALJ'S FINDINGS

The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2016.

5

2. The claimant has not engaged in substantial gainful activity since October 10, 2010, the alleged onset date. 20 C.F.R. §§ 404.1571 *et seq*.

3. The claimant has the following severe impairments: degenerative disc disease of the cervical spine, status post-surgery; degenerative disc disease of the thoracic spine; degenerative disc disease of the lumbar spine status post-surgery; degenerative joint disease of the bilateral knees status post-surgery on the left knee; obesity; status post left lower extremity deep vein thrombosis; and lymphadenopathy. 20 C.F.R. §§ 404.1520(c).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526.

5. The claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) except lifting and/or carrying 20 pounds occasionally and 10 pounds frequently; sit for six hours in an eight-hour workday; standing and/or walking about two hours in an eight-hour workday; must be allowed to sit 30 minutes and then stand 30 minutes as needed; she can occasionally balance, stoop, crouch and climb ramps and stairs; she must avoid kneeling, crawling or climbing of ladders, ropes and scaffolds; she must avoid concentrated exposure to hot temperature extremes and vibration; she must avoid even moderate exposure to dangerous machinery and unprotected heights. The claimant is further limited to occupations which allow elevation of one leg to no more than footstool height.

6. The claimant is unable to perform any past relevant work. 20 C.F.R. § 404.1565.

7. The claimant was born on June 21, 1966, and was 44 years old, which is defined as a younger individual age 18-49 on the alleged disability onset date. 20 C.F.R. § 404.1563.

8. The claimant has at least a high school education and is able to communicate in English. 20 C.F.R. § 404.1564.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills. *See* SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform. 20 C.F.R. §§ 404.1569 and 404.1569(a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from October 10, 2010, through the date of this decision (20 C.F.R. § 1520(g)).

AR 12-27.

## IV. *THE SUBSTANTIAL EVIDENCE STANDARD*

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis*, 353 F.3d at 645. The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but it [does] not re-weigh the

evidence." *Wester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence which supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if, after reviewing the evidence, the court finds it "possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even in cases where the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

## V. DISCUSSION

Claimant argues the ALJ's decision is flawed because she alleges substantial evidence on the record as a whole does not support the ALJ's decision. Claimant argues the ALJ improperly discounted her credibility. Claimant also argues the ALJ improperly discounted the treating physician's opinion. I address both of these arguments in turn.

Claimant first asserts error in that the ALJ improperly evaluated her subjective complaints and considered her not fully credible. When determining residual functional capacity, an ALJ must evaluate the claimant's credibility regarding her subjective complaints. *Pearsall v. Massanari*, 274 F.3d 1211, 1218 (8th Cir. 2001). In doing so, an ALJ must consider objective medical evidence and any evidence relating to a claimant's daily activities; duration, frequency, and intensity of pain; precipitating and aggravating factors; dosage, effectiveness and side effects of medication; and functional restrictions. *Polaski v. Heckler,* 739 F.2d 1320, 1322 (8th Cir. 1984). The ALJ does not have to discuss each *Polaski* factor as long as the ALJ recognizes and considers the *Polaski* analytical framework. *Tucker v. Barnhart,* 363 F.3d 781, 783 (8th Cir. 2004). Credibility of a claimant's subjective testimony is primarily for the ALJ, not the reviewing court, to decide. *Pearsall,* 274 F.3d at 1218. In this case, the ALJ considered Claimant's subjective complaints, but concluded her allegations were not credible based on the lack of corroborating objective medical evidence and the effectiveness of treatment in controlling her symptoms. AR 14-15. In doing so, the ALJ properly applied the *Polaski* factors. Even were this court to disagree with the ALJ's assessment, the ALJ's assessment is within the range of discretion afforded the ALJ.

Next, claimant asserts that the ALJ did not give proper weight to the opinion of her treating physician, Robert Clemens, M.D. The ALJ discussed the opinion of Dr. Clemens and found it conclusory based on claimant's subjective allegations, which the

ALJ allowably found to be not credible (see above), and inconsistent with the doctor's own treatment records (AR 724-26). *See Halverson v. Astrue*, 600 F.3d 922, 930 (8th Cir. 2010) ("It is permissible for an ALJ to discount an opinion of a treating physician that is inconsistent with the physician's clinical treatment notes.") (citing *Davidson v. Astrue*, 578 F.3d 838, 842 (8th Cir. 2009)); *Medhaug*, 578 F.3d at 815. The ALJ weighed the evidence from Dr. Clemens and summarized his response to a letter from claimant's representative. AR 23, 678-679. He then observed that Dr. Clemens' opinion was conclusory and provided "very little explanation of the evidence relied [upon] in forming" the opinions.

Dr. Clemens' treatment notes do not support his opinion. He wrote that claimant had no focal neurological deficits, and that her extremities had no gross abnormalities, redness, warmth, or swollen joints. AR 616-617, 619. He also noted that she had degenerative joint disease of the left knee, but no joint problems, no numbness or weakness anywhere, and only some dermatitis and edema on the left leg. AR 659. Dr. Clemens' responses are inconsistent with his own treatment notes. The ALJ permissibly concluded that Dr. Clemens' opinion was based on accepting claimant's own subjective complaints, complaints that the ALJ allowably found were not credible and not as severe as alleged, and were inconsistent with his own treatment notes and with the record at large. *See Gates v. Astrue*, 627 F.3d 1080, 1082 (8th Cir. 2010).

## VI. CONCLUSION

For the reasons set forth herein, and without minimizing the seriousness of claimant's impairments, the court RESPECTFULLY RECOMMENDS that the Commissioner's determination that claimant was not disabled be **affirmed** and that judgment be entered against claimant and in favor of the Commissioner.

Parties must file objections to this Report and Recommendation within fourteen (14) days of the service of a copy of this Report and Recommendation, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). Objections must specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* Fed. R. Civ. P. 72. Failure to object to the Report and Recommendation waives the right to *de novo* review by the district court of any portion of the Report and Recommendation as well as the right to appeal from the findings of fact contained therein. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

**IT IS SO ORDERED** this 4th day of May, 2016.

_____
C.J. Williams
United States Magistrate Judge
Northern District of Iowa