# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## WESTERN DIVISION

CLARICE VAN MAANEN,

      Plaintiff,

vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

      Defendant.

No. C15-4050-LTS

**ORDER ON REPORT AND
RECOMMENDATION**

_____

## I.  INTRODUCTION

This case is before me on Clarice Van Maanen's timely objections (Doc. No. 21) to the Report and Recommendation (R&R) filed on May 4, 2016, by the Honorable C.J. Williams, United States Magistrate Judge. *See* Doc. No. 20. Judge Williams recommends that I affirm the decision by the Commissioner of Social Security (the Commissioner) denying Van Maanen's applications for Social Security Disability benefits (DIB) and Supplemental Social Income benefits (SSI) under Titles II and XVI of the Social Security Act, 42 U.S.C. § 410 *et seq*. (Act).

Van Maanen advanced two primary arguments before Judge Williams: (1) the ALJ improperly discounted her credibility, and (2) that the ALJ improperly discounted her treating physician's opinion. Doc. No. 13 at 16-17. She maintains those two arguments in her objections. Additionally, Van Maanen argues that the ALJ erred in giving little weight to letters authored by two of her former work supervisors. *Id.*

The procedural history and relevant facts are set forth in the R&R and are repeated herein only to the extent necessary.

## II.   APPLICABLE STANDARDS

### A.   *Judicial Review of the Commissioner's Decision*

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003). The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the [Administrative Law Judge (ALJ)], but it [does] not re-weigh the evidence." *Wester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence which supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record de novo." *Roe*

*v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)).  Instead, if after reviewing the evidence, the court finds it "possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)).  This is true even in cases where the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)).  The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

### B.    *Review of Report and Recommendation*

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.  A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).  Thus, when a party objects to any portion of an R&R, the district judge must undertake a *de novo* review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard.  *See, e.g.*, *Grinder v. Gammon*, 73 F.3d

793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III.    THE R&R

Van Maanen alleged disability due to cellulitis and blood clots. Administrative Record (AR) 227. After a hearing, an ALJ applied the familiar five-step evaluation and found that Van Maanen could perform work that exists in significant numbers in the national economy, making this a Step Five case. Judge Williams found that the ALJ's decision was supported by substantial evidence and, therefore, recommended that it be affirmed. R&R 10. He first analyzed whether the ALJ properly discounted Van Maanen's credibility:

> When determining residual functional capacity, an ALJ must evaluate the claimant's credibility regarding her subjective complaints. *Pearsall v. Massanari*, 274 F.3d 1211, 1218 (8th Cir. 2001). In doing so, an ALJ must consider objective medical evidence and any evidence relating to a claimant's daily activities; duration, frequency, and intensity of pain; precipitating and aggravating factors; dosage, effectiveness and side effects of medication; and functional restrictions. *Polaski v. Heckler*, 739 F.2d

1320, 1322 (8th Cir. 1984). The ALJ does not have to discuss each *Polaski* factor as long as the ALJ recognizes and considers the *Polaski* analytical framework. *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004). Credibility of a claimant's subjective testimony is primarily for the ALJ, not the reviewing court, to decide. *Pearsall*, 274 F.3d at 1218. In this case, the ALJ considered Claimant's subjective complaints, but concluded her allegations were not credible based on the lack of corroborating objective medical evidence and effectiveness of treatment in controlling her symptoms. [AR 14-15, 19-22]. In doing so, the ALJ properly applied the *Polaski* factors. Even were this court to disagree with the ALJ's assessment, the ALJ's assessment is within the range of discretion afforded the ALJ.

R&R at 9. Judge Williams then analyzed whether the ALJ afforded the proper weight to

the medical opinion of Van Maanen's treating physician, Robert Clemens, M.D.:

The ALJ discussed the opinion of Dr. Clemens and found it conclusory based on claimant's subjective allegations, which the ALJ allowably found to be not credible [ ], and inconsistent with the doctor's own treating records. [AR 616-20, 657-62, 674-77]. *See Halverson v. Astrue*, 600 F.3d 922, 930 (8th Cir. 2010) ("It is permissible for an ALJ to discount an opinion of a treating physician that is inconsistent with the physician's clinical treatment notes.") (citing *Davidson v. Astrue*, 578 F.3d 838, 842 (8th Cir. 2009)); *Medhaug*, 578 F.3d at 815. The ALJ weighed the evidence from Dr. Clemens and summarized his response to a letter from claimant's representative. AR 23, 678-79. He then observed that Dr. Clemens' opinion was conclusory and provided "very little explanation of the evidence relied [upon] in forming" the opinions.

Dr. Clemens' treatment notes do not support his opinion. He wrote that claimant had no focal neurological deficits, and that her extremities had no gross abnormalities, redness, warmth, or swollen joints. AR 616-17, 619. He also noted that she had degenerative joint disease of the left knee, but no joint problems, no numbness or weakness anywhere, and only some dermatitis and edema of the left leg. AR 659. Dr. Clemens' responses are inconsistent with his own treatment notes. The ALJ permissibly concluded that Dr. Clemens' opinion was based on accepting claimant's own subjective complaints, complaints that the ALJ allowably found were not credible and not as severe as alleged, and were inconsistent with his own

5

treatment notes and with the record at large. *See Gates v. Astrue*, 627 F.3d
1080, 1082 (8th Cir. 2010).

*Id*. at 9-10.

### IV. *VAN MAANEN'S OBJECTIONS*

Van Maanen's objections to the R&R raise three primary issues: (1) the ALJ
improperly discounted her credibility, (2) the ALJ improperly discounted the treating
physician's opinion, and highlights an issue which was not addressed in Judge Williams'
R&R: (3) the ALJ erred in giving little weight to two letters authored by two of the
claimant's former work supervisors. Doc. No. 21 at 14-17. Accordingly, she asks that
I reject Judge Williams' recommendation and reverse the ALJ's decision upon my *de
novo* review. *Id*. at 17.

### A. *The Credibility Determination*

Van Maanen contends the ALJ's finding that she was not credible is "not supported
by the facts or law." Doc. No. 13 at 16. She supports this contention by arguing that
the record "suggests" a contrary conclusion to the ALJ's determination that Van Maanen
has a history of cancelling or not following through on treatment. *Id*. Van Maanen cites
to portions of the administrative record which detail her course of treatment for an injury
to her thumb in 2009.

In assessing Van Maanen's history of failing to follow through on her medical
treatment, the ALJ concluded that, "[t]he claimant cancelled or failed to show up for
doctor appointments on a number of occasions, particularly with regards to managing her
diabetes. In addition, the record reflects significant gaps in the claimant's history of
treatment." AR 21. The ALJ more-specifically discussed the claimant's failures to
follow through with medical treatment:

On July 27, 2011, [claimant] asked for a signature on a physical form to allow her to foster a child. It was noted that despite being diagnosed with diabetes, she never had her HGB A1C level checked and there was no visit noted in the past six months for follow up of her diabetes. . . [Claimant] admitted that she had run out of [her prescription medicine] Coumadin. . . [and] that she stopped taking the [prescription medicine] Metformin. . . The claimant returned again for INR and Coumadin adjustments multiple times between June 13, 2012 and August 16, 2012. However, the claimant failed to keep her follow up appointments with nurse practitioner (Judith Hauswald, RN, BSN, CDE) who was the Diabetes Program Coordinator, according to a May 31, 2012 letter to Robert Clemens, M.D. . . . In a July 5, 2012 letter to Dr. Clemens from Ms. Hauswald, it was noted that the claimant started intensive insulin therapy in April of 2012 but had not returned to learn how to correct high blood sugars. She noted that the claimant had canceled several appointments, failed to show for others and would not return calls.

AR 19.

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g). The "suggestion" that the record may support a conclusion contrary to the ALJ's does not warrant reversal of the ALJ's decision. Based on my *de novo* review, I agree with Judge Williams' determination that "the ALJ properly applied the *Polaski* factors. Even were this court to disagree with the ALJ's assessment, the ALJ's assessment is within the range of discretion afforded the ALJ." R&R at 9. I therefore overrule Van Maanen's objection to that portion of the R&R.

## B.    *The ALJ's Consideration of the Medical Evidence*

Van Maanen argues that the ALJ erroneously concluded that Dr. Clemens' opinions were based on her own subjective complaints. She argues that "he based his opinion on the fact that Van Maanen had been a long-time patient in his clinic, and he had opportunities to personally observe her condition" on six occasions. Doc. No. 13 at

18.  Van Maanen objects to the ALJ's conclusion that Dr. Clemens' opinion was entitled to "little weight." *Id.*

In examining Dr. Clemens' reports, and specifically his response at AR 678-79, the ALJ stated:

> There is a response from **Dr. Clemens** to the claimant's representative inquiries regarding the claimant's impairments. He noted that her left leg was severe and that treatment would not likely help. He noted that she had chronic severe lymphedema in her left leg from a remote automobile accident that would require sitting or reclining periodically throughout the day for one to two hours at a time. Next, he indicated that the claimant would be limited to standing no more than approximately five minutes at a time and walking about one block at a time and would need frequent unscheduled breaks throughout the day. He said it was uncertain whether she would miss two or more days of work in a month. In response to the question whether the claimant would be "an appropriate candidate for social security disability benefits," Dr. Clemens responded in the affirmative based on morbid obesity, trauma to the left leg, chronic lymphedema in the left leg, severe degenerative joint disease in the left knee and a history of deep vein thrombosis in the left leg. [ ] This opinion is given **little weight**. The doctor apparently relied quite heavily on the subjective report of symptoms and limitations provided by the claimant, and seemed to uncritically accept as true most, if not all, of what the claimant reported. Yet, as explained elsewhere in this decision, there exist good reasons for questioning the reliability of the claimant's subjective complaints. The opinion expressed is quite conclusory, providing very little explanation of the evidence relied on in forming that opinion and they were in response to leading questions from the claimant's representative. Moreover, the doctor's own reports fail to reveal the type of significant clinical and laboratory abnormalities one would expect if the claimant were in fact disabled, and the doctor did not specifically address this weakness. Finally, the determination of whether an individual is disabled under the Social Security Act rests exclusively with the Commissioner.

AR 23 (emphasis in original).  "A treating physician's opinion should not ordinarily be disregarded and is entitled to substantial weight." *Singh v. Apfel*, 222 F.3d 448, 452 (8th Cir. 2000).  However, "[a]n ALJ may discount or even disregard the opinion of a treating physician where other medical assessments are supported by better or more thorough

medical evidence, or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions." *Perkins v. Astrue*, 648 F.3d 892, 897 (8th Cir. 2011) (quotation and citation omitted). Further, "'[a] treating physician's opinion deserves no greater respect than any other physician's opinion when [it] consists of nothing more than vague, conclusory statements.'" *Wildman v. Astrue*, 596 F.3d 959, 964 (quoting *Piepgras v. Chater*, 76 F.3d 233, 236 (8th Cir. 1996)).

The ALJ gave several specific and appropriate reasons for affording little weight to Dr. Clemens' opinion. Based on my *de novo* review, I agree with Judge Williams that Dr. Clemens' opinion was inconsistent with his own treatment notes and that the ALJ's evaluation of the medical evidence is supported by substantial evidence in the record as a whole. I therefore overrule Van Maanen's objection to that portion of the R&R.

## C.    *The ALJ's Consideration of Third-Party Lay Testimony*

Van Maanen notes that the R&R does not expressly address her claim that the ALJ erred in giving little weight to letters authored by two former work supervisors, Tina VanHolland and Darla Siemonsma. Van Maanen argues that the ALJ "seemed to make a faulty assumption . . . that lay people cannot offer evidence regarding the severity of a claimant's condition" and that "[t]his assumption is contrary to the fact that ALJs must carefully consider evidence for other persons addressing the extent of the claimant's pain and how it affects his or her ability to function." Doc. No. 13 at 17-18 (citing *Willcockson v. Astrue*, 540 F.3d 878, 881 (8th Cir. 2008); 20 C.F.R. § 404.1529(c)(3)).

The regulations provide that the ALJ will "carefully consider any other information that [the claimant] may submit about [his or her] symptoms," including statements "other persons provide about [the claimant's] pain or other symptoms." 20 C.F.R. § 404.1529(c)(3). In *Buckner v. Astrue*, 646 F.3d 549 (8th Cir. 2011), the Eighth Circuit Court of Appeals discussed whether reversal is required where an ALJ either fails

to explain why third party testimony is being discredited, or fails to consider third party testimony at all:

> In *Robinson v. Sullivan*, the ALJ explicitly discredited testimony from the claimant's wife but failed to discuss the reasons for doing so. 956 F.2d 836, 841 (8th Cir. 1992). We noted that "it is clear that the ALJ specifically addressed [the wife's] testimony and found it not credible" and that "[t]his finding is supported by the same evidence that proved [the claimant's] claims not credible." *Id.* Ultimately, we affirmed the ALJ, explaining that "[w]hile it is preferable that the ALJ delineate the specific credibility determinations for each witness, an arguable deficiency in opinion-writing technique does not require us to set aside an administrative finding when that deficiency had no bearing on the outcome." *Id.* (quotation and citation omitted).

> Three years later, in *Lorenzen v. Charter*, we again considered an argument that the ALJ erred by "fail[ing] to list specific reasons for discrediting the testimony" of a third party. 71 F.3d 316, 319 (8th Cir. 1995). Nonetheless, we affirmed the ALJ because "it is evident that most of [the third party's] testimony concerning [the claimant's] capabilities was discredited by the same evidence that discredits [the claimant's] own testimony concerning his limitations." *Id.*

> Finally, in *Willcockson*, we considered an ALJ's failure to consider statements submitted by the claimant's mother, daughter, and sister. 540 F.3d at 880. We noted that we could not "determine from the record whether the ALJ overlooked these statements, gave them some weight, or completely disregarded them." *Id.* Moreover, we "question[ed] whether witness statements corroborating a claimant's subjective complaints can logically be treated as cumulative by assuming that they would have been rejected for the same reasons that the claimant statements were rejected." *Id.* at 881. This failure to address the third-party statements—combined with the ALJ's failure to explain the weight given to a nonexamining consultant's report and his insufficient assessment of the claimant's own statements—compelled us to remand the case. *Id.* at 880-81.

*Buckner*, 646 F.3d 549, 559.

In *Willcockson*, the court held that remand is necessary if an ALJ fails to consider third-party statements of lay persons regarding the claimant's condition but is not

necessary if the ALJ merely discredits those statements. *Willcockson*, 540 F.3d at 881. The court explained that so long as the ALJ considers such statements, he or she is not required to explain why they are discredited if the "third-party evidence supporting a claimant's complaints was the same as evidence that the ALJ rejected for reasons specified in the opinion." *Id.* at 880.

In considering the two letters authored by Van Maanen's former work supervisors, the ALJ described the contents of the letters, AR 15, and then concluded:

> Third party statements in the record ([letters authored by the claimant's former work supervisors]) describe the authors' opinions about what they observed the claimant do, but these do not establish that the claimant is disabled, only that the statements are consistent with the claimant's allegations. There is no indication that they were medically trained to make exacting observations as to dates, frequencies, types and degrees of medical signs and symptoms, or of the frequency or intensity of unusual moods or mannerisms. Most importantly, and similar to the finding of the undersigned with regard to the claimant's testimony, the statements do not explain why the claimant's observed behaviors exist and continue to exist, and they are inconsistent with the opinions and observations of trained medical personnel that have been given substantial weight because they are in conformity with the contemporaneous medical record, including, the State agency medical consultant.

AR 23. Thus, the ALJ did not ignore this lay testimony and explained why he was discrediting it. Based on my *de novo* review, I overrule Van Maanen's objection and find that there is no basis for reversing the ALJ's finding on this issue.

## IV. CONCLUSION

For the reasons set forth herein:

1.      I **accept** Judge Williams' May 4, 2016, report and recommendation (Doc. No. 20) without modification. *See* 28 U.S.C. § 636(b)(1).

2.      Pursuant to Judge Williams' recommendation:

a. The Commissioner's determination that Van Maanen was not disabled is **affirmed.**

b. Judgment shall enter in favor of the Commissioner and against the Van Maanen.

**IT IS SO ORDERED.**

**DATED** this 8th day of July, 2016.

_____
LEONARD T. STRAND
UNITED STATES DISTRICT JUDGE